**NOT FOR PUBLICATION**

FILED

NOV 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS 

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER ORR, | No. 21-15109 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-00177-JAM-CKD |
| v. | |
| CHRISTIAN BROTHERS HIGH SCHOOL, INC., a California corporation; LORCAN BARNES, an individual, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted November 16, 2021
San Francisco, California

Before: THOMAS, Chief Judge, McKEOWN, Circuit Judge, and RESTANI,[**] Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

Christopher Orr appeals the district court's summary judgment ruling dismissing his racial harassment, race discrimination, retaliation, and wrongful termination claims against Lorcan Barnes and Christian Brothers High School, Inc. under Title VII of the Civil Rights Act of 1964, Section 1981 of the Civil Rights Act of 1866, the California Fair Employment and Housing Act, and California common law. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because the parties are familiar with the history of this case, we need not recount it here. We review orders granting motions for summary judgment de novo. *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1202 (9th Cir. 2016). We affirm.

I

The district court correctly concluded that Orr qualified as a minister for the purposes of the ministerial exception. The Supreme Court has broadly defined what employment positions are eligible for application of the exception. In determining whether employees at religious schools are ministers, the Supreme Court has explained that the core consideration is their "role in conveying the Church's message and carrying out its mission." *Our Lady of Guadalupe Sch. v. Morrissey-Berru*, 140 S. Ct. 2049, 2063 (2020) (citing *Hosanna-Tabor Evangelical Lutheran Church & Sch. v. EEOC*, 565 U.S. 171, 192 (2012)). "[E]ducating young people in their faith, inculcating its teachings, and training

them to live their faith are responsibilities that lie at the very core of the mission of a private religious school." *Id.*, at 2064. Thus, in *Hosanna-Taylor* and *Morrissey-Berru*, the Supreme Court held that many teachers at religious schools qualified as "ministers" for the purposes of the exception, even though they were not considered formal ministers.

Here, Orr played an important role in the religious education and formation of the students at Christian Brothers. Orr participated in religious services and activities, aiding the school in developing a faith-based community and inculcating faith-based teachings. He had supervisory authority over aspects of religious instruction and programming. He also received religious education as part of his role. In the context of the ministerial exception, there is no principled distinction to be drawn between teachers and principals. Thus, under the Supreme Court's formulation of the ministerial exception, Orr qualified for its application to him.

II

Given that Orr qualified for application of the ministerial exception, and the factual allegations underlying Orr's harassment claims, the district court properly concluded that his employment claims were barred by the exception.

Orr asserted claims under Title VII of the Civil Rights Act of 1964, Section 1981 of the Civil Rights Act of 1866, the California Fair Employment and Housing

Act, and California common law. The "ministerial exception" to application of employment laws to religious institutions arose from the First Amendment's protection of the right of churches and other religious institutions to decide "matters of church government as well as those of faith and doctrine" without government intrusion. *Morrissey-Berru*, 140 S. Ct. at 2055 (citation omitted). The ministerial exception "insulates a religious organization's employment decisions regarding its ministers from judicial scrutiny under Title VII." *Werft v. Desert Southwest Annual Conference of United Methodist Church*, 377 F.3d 1099, 1100–01 (9th Cir. 2004). Thus, Orr's employment claims are precluded by the ministerial exception.

There are certain employment claims that are not necessarily subject to the ministerial exception. For example, in *Bollard v. California Province of the Society of Jesus*, 196 F.3d 940, 947 (1999), we held that a sexual harassment claim unrelated to a religious organization's employment decisions was not subject to the ministerial exception. *See also Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 959–66 (9th Cir. 2004) (holding that sexual harassment and retaliatory harassment claims survived the ministerial exception).

In this case, Orr has asserted claims of racial harassment that created a hostile work environment. Applying the *Bollard/Elvig* framework, such a claim

4

could survive the ministerial exception. However, unlike the circumstances in *Bollard* and *Elvig*, the allegations here are so intertwined with the employment decisions that the claims cannot be separated. *See Elvig*, 3675 F.3d at 960 (explaining that courts may not scrutinize employment actions, which are protected from Title VII liability).

## III

The district court properly concluded that Christian Brothers did not waive the California Fair Employment & Housing Act's ("FEHA") statutory exemption for non-profit religious corporations. Christian Brothers' employee handbook "never explicitly references FEHA" and "makes no promise that [it] will be bound by FEHA." *Mathews v. Happy Valley Conference Center, Inc.*, 43 Cal. App. 5th 236, 258 (2019). Thus, there was no waiver of the religious entity statutory exemption, which applies to Orr's state statutory claims.

## IV

In sum, Orr's employment position qualifies for application of the ministerial exception under Supreme Court precedent. The exception precludes his employment claims. Under the factual circumstances presented by this case, the *Bollard*/*Elvig* exception for hostile work environment, harassment, and retaliation

does not apply. The state statutory claims are precluded by the statutory exemption for non-profit religious corporations.

**AFFIRMED.**